**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

SPECTRANET TECHNOLOGIES LLC,

Plaintiff,

v.

RAFT TECHNOLOGIES LTD. and 3DB COMMUNICATIONS, INC.,

Defendants.

Case No. 1:26-cv-05870

Hon. Andrea R. Wood

JURY TRIAL DEMANDED

**DEFENDANTS RAFT TECHNOLOGIES LTD. AND 3DB COMMUNICATIONS, INC.'S MOTION TO DISMISS SPECTRANET'S WILLFULNESS AND INDUCEMENT CLAIMS AND MEMORANDUM OF LAW IN SUPPORT UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**

## TABLE OF CONTENTS

**Page**


I. INTRODUCTION .......... 1

II. BACKGROUND .......... 1

III. LEGAL STANDARD .......... 2

IV. Argument .......... 4

  A. SpectraNet Does Not Plausibly Allege Induced Infringement .......... 4

  B. SpectraNet Does Not Plausibly Allege Willful Infringement .......... 5

V. CONCLUSION .......... 5

# TABLE OF AUTHORITIES


**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................2, 3, 5

*Civix-DDI, LLC v. Cellco P'ship*,
387 F. Supp. 2d 869 (N.D. Ill. 2005)....................4

*Dresser, LLC v. VRG Controls, LLC*,
No. 18 C 1957, 2018 WL 10426611 (N.D. Ill. Nov. 28, 2018)....................3, 5

*Express Mobile, Inc. v. Squarespace, Inc.*,
No. CV 20-1163-RGA, 2021 WL 3772040 (D. Del. Aug. 25, 2021)....................3, 4

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
579 U.S. 93 (2016)....................3, 4, 5

*Hikma Pharms. USA Inc. v. Amarin Pharma, Inc.*,
146 S. Ct. 1391 (2026)....................1, 3, 4, 5

*State Industries, Inc. v. A.O. Smith Corp.*,
751 F.2d 1226 (Fed. Cir. 1985)....................3

*ZapFraud, Inc. v. Barracuda Networks, Inc.*,
528 F. Supp. 3d 247 (D. Del. 2021)....................4

**Statutes**

35 U.S.C. § 101....................1

35 U.S.C. § 271(b)....................3

**Other Authorities**

Rule 12(b)(6)....................2

## TABLE OF ABBREVIATIONS

| Abbreviation | Term |
|---|---|
| ’002 patent | U.S. Patent No. 12,414,002 (Dkt. No. 1-3) |
| ’123 patent | U.S. Patent No. 10,959,123 (Dkt. No. 1-1) |
| ’694 patent | U.S. Patent No. 11,516,694 (Dkt. No. 1-2) |
| Asserted Claims | Claims 1–20 of the ’123 patent, Claims 1–20 of the ’694 patent, and Claims 1–20 of the ’002 patent |
| Asserted Patents | U.S. Patent Nos. 10,959,123, 11,516,694, and 12,414,002 |
| Complaint | Complaint for Patent Infringement (Dkt. No. 1) |
| Raft or Defendants | Defendants Raft Technologies Ltd. and 3DB Communications, Inc. |
| SpectraNet or Plaintiff | Plaintiff SpectraNet Technologies LLC |

## I. INTRODUCTION

Even if the Complaint is not dismissed with prejudice in its entirety because the Asserted Patents are invalid under 35 U.S.C. § 101, SpectraNet's claims against Raft for induced and/or willful infringement should be independently dismissed for the failure to sufficiently plead the most basic factual allegation required for either willful or induced infringement: actual notice. It is axiomatic that an accused infringer must at least have had actual notice of an asserted patent to willfully infringe, or induce the infringement of that patent. SpectraNet's allegation that Raft was "aware of . . . . a parent ***application*** of the [Asserted Patents]" Dkt. 1 at ¶¶ 80, 99, 120 (emphasis added), during the prosecution of an unrelated application before the U.S. Patent Office is plainly insufficient to satisfy this requirement, because alleged knowledge of a pending patent application does not plausibly allege knowledge of any actual patent that may issue from that application.

Other than threadbare and conclusory averments "on information and belief" that Raft's conduct was "egregious, wanton, deliberate, and in flagrant disregard for SpectraNet's rights in the [asserted patents]," the Complaint contains no factual allegations in support of its willfulness claim. Dkt. 1 at ¶¶ 81, 100, 121. And for inducement, there is even less. Again qualified by its reliance "on information and belief," SpectraNet alleges no facts that could plausibly support either an act of direct infringement by another, let alone the "affirmative. . . 'active steps . . . to encourage direct infringement,'" and "purposeful, culpable expression and conduct," as required to plead a claim of inducement under the Supreme Court's recent decision in *Hikma Pharms. USA Inc. v. Amarin Pharma, Inc.*, 146 S. Ct. 1391, 1397-1400 (2026). With its pleading plainly deficient, SpectaNet's claims for willful and induced infringement should be dismissed with prejudice.

## II. BACKGROUND

SpectraNet alleges willful infringement and inducement of each of the Asserted Patents as follows:

> . . . . [Defendants] directly or through subsidiaries or intermediaries . . . perform[] the claimed methods of the [Asserted Patents] . . . and/or contribute[] to and actively induces its customers and others to perform the claimed methods of the [Asserted Patents] in the United States and in this District.
>
> Defendants are also liable under 35 U.S.C. § 271(b) for actively inducing infringement and/or continuing to actively induce infringement. Defendants, jointly and/or individually, actively induce the other Defendant and/or related entities to infringe the [Asserted Patents]. On information and belief, Defendants possess and/or possessed a specific intent to induce infringement, and in fact did and continue to induce infringement.

Dkt. No. 1 at ¶¶ 13, 14, 20, 21. And its Counts for infringement recite the following:

> Defendants are also liable under 35 U.S.C. § 271(b) for actively inducing infringement and/or continuing to actively induce infringement. Defendants, jointly and/or individually, actively induce the other Defendant and/or related entities to infringe the [Asserted Patents]. On information and belief, Defendants possess and/or possessed a specific intent to induce infringement, and in fact did and continue to induce infringement.
>
> Defendants have been aware of the [Asserted Patents] at least since May 17, 2021, when an examiner cited U.S. Patent No. 9,215,726 to Defendant Raft during prosecution of Defendant Raft's U.S. Patent Application No. 16/546,326. U.S. Patent No. 9.215,726 is a parent application of the '123 Patent to which the [Asserted Patents] claim[] priority.
>
> Despite that awareness since May 17, 2021, Defendants continue to infringe and induce others to infringe at least claim 1 of the [Asserted Patents]. Defendants knew or should have known that their actions would cause direct and indirect infringement of the [Asserted Patents]. On information and belief, Defendants acted with objective recklessness by proceeding despite an objective high likelihood that their actions constituted infringement of a valid patent, where such action constitutes egregious misconduct. Such infringement is thus willful, egregious, wanton, deliberate, and in flagrant disregard for SpectraNet's rights. . . .

*Id.* at ¶¶79-81, 98-100, 119-121. These are the totality of SpectraNet's allegations accusing Raft of willful or induced infringement, and neither alleges actual notice nor knowledge of the Asserted Patents. SpectraNet thus fails to plausibly state a claim for willful or induced infringement.

## III. LEGAL STANDARD

To survive a Rule 12(b)(6) motion, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "Threadbare recitals

of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* To sufficiently plead induced infringement under 35 U.S.C. § 271(b), a Complaint must plausibly allege: (1) "direct infringement by a third party"; (2) knowledge by the alleged inducer "that 'the induced acts constitute patent infringement'"; and (3) that the inducer took "'active steps . . . to encourage direct infringement'" by the third party. *Hikma Pharms. USA Inc. v. Amarin Pharma, Inc.*, 146 S. Ct. 1391, 1398 (2026) (citations omitted). And to state a claim for willful infringement, the Complaint must plausibly allege: "that the defendant (1) knew of the patent and (2) knew that its conduct infringed," *Dresser, LLC v. VRG Controls, LLC*, No. 18 C 1957, 2018 WL 10426611, at *4 (N.D. Ill. Nov. 28, 2018), and that the infringement was an "egregious case[] of misconduct beyond typical infringement." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 103 (2016).[1]

In *State Industries, Inc. v. A.O. Smith Corp.*, the Federal Circuit held that "[t]o willfully infringe a patent, the patent must exist *and one must have knowledge of it*." *State Industries, Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985) (emphasis added). And for either willfulness or inducement, a "patent pending" notice "gives one no knowledge whatsoever," because "[f]iling an application is no guarantee any patent will issue," and that "[w]hat the scope of claims in patents that do issue will be is something totally unforeseeable." *Id.* Nor does a patent have "retroactive effect." *Id.*; *see Express Mobile, Inc. v. Squarespace, Inc.*, No. CV 20-1163-RGA, 2021 WL 3772040, *4 (D. Del. Aug. 25, 2021) (dismissing claim of inducement, reasoning notice of parent patent application insufficient to provide notice of infringement of subsequently-issued patent.).

---

[1] SpectraNet further alleges that "[o]n information and belief," Raft "acted with objective recklessness by proceeding despite an objective [sic] high likelihood that their actions constituted infringement of a valid patent." Dkt. No. 1 ¶¶ 81, 100, 121. This language parrots the since-abrogated *Seagate* test for "objective recklessness." *See Halo*, 579 U.S. at 103–05.

Furthermore, knowledge of a patent through the filing of a complaint is insufficient. In *Hikma*, the Court reiterated that "[o]ur well-established federal pleading standards" require "more than a sheer possibility that a defendant has acted unlawfully." *Hikma*, 146 S. Ct. at 1399 (quoting *Iqbal*, 556 U.S. at 678). And although the *Hikma* decision addressed inducement, its reasoning applies with equal force to willfulness, which likewise turns on proving a defendant's culpable state of mind. Alleging that a defendant has "knowledge . . . based solely on the content of that complaint . . . filed in the same lawsuit," without more, *ZapFraud, Inc. v. Barracuda Networks, Inc.*, 528 F. Supp. 3d 247, 252 (D. Del. 2021), does not raise "more than a sheer possibility" of "egregious infringement behavior." *Hikma*, 146 S. Ct. at 1399; *Halo*, 579 U.S. at 103. There can be no culpable state of mind, or intent to willfully infringe or induce infringement, where a defendant "did not stop its allegedly infringing activity" after service of a complaint and "where the accused infringer presents legitimate defenses and did not know of the asserted patents until the filing of the suit." *Civix-DDI, LLC v. Cellco P'ship*, 387 F. Supp. 2d 869, 903 (N.D. Ill. 2005) (citing *Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*, 897 F.2d 508, 511 (Fed. Cir. 1990)).

## IV. ARGUMENT

### A. SpectraNet Does Not Plausibly Allege Induced Infringement

SpectraNet claims that Raft was "aware of . . . . a parent application of the [Asserted Patents]." Dkt. No. 1 ¶¶ 80, 99, 120. But mere knowledge of a parent patent application is insufficient to support an allegation that a defendant knew of its alleged infringement of a subsequently-issued child patent. *Express Mobile, Inc. v. Squarespace, Inc.*, No. CV 20-1163-RGA, 2021 WL 3772040, *4 (D. Del. Aug. 25, 2021). And otherwise, SpectraNet's complaint merely parrots *some* of the claim elements without any references to any alleged act of direct infringement by another. Failing to allege direct infringement by another, alone, is fatal. And even if SpectraNet had adequately alleged direct infringement, its "[t]hreadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678 (citation omitted), especially in light of *Hikma.*

Moreover, the *Hikma* Court clarified that, a plaintiff must allege that a defendant "took 'active steps . . . to encourage direct infringement,'" and that such steps are "'affirmative' as opposed to passive, 'steps.'" *Hikma*, 146 S. Ct. at 1399–400. SpectraNet does not identify any active steps (or any step whatsoever) that either defendant allegedly took to induce infringement. Therefore, SpectraNet's induced infringement claim fails as a matter of law.

### B. SpectraNet Does Not Plausibly Allege Willful Infringement

SpectraNet alleges that defendants' alleged infringement is "willful, egregious, deliberate, and in flagrant disregard" because Raft was "aware" of the Asserted Patents and "knew or should have known that [its] actions would cause direct and indirect infringement." Dkt. No. 1 ¶¶ 81, 100, 121. But to state a claim for willful infringement, the Complaint must plausibly allege "that the defendant (1) knew of the patent and (2) knew that its conduct infringed." *Dresser, LLC v. VRG Controls, LLC*, No. 18 C 1957, 2018 WL 10426611, at *4 (N.D. Ill. Nov. 28, 2018). Merely alleging that a party "should have known" does not suffice and here too, for the reasons stated above, SpectraNet does not plausibly allege pre-suit knowledge of the Asserted Patents. *See* Dkt. No. 1 ¶¶ 73, 93, 113. And again, SpectraNet's "threadbare recitals of the elements . . . do not suffice." *See Iqbal*, 556 U.S. at 678 (citation omitted). Nor can SpectraNet save its claim by listing the adjectives describing "[t]he sort of conduct warranting enhanced damages." *Compare Halo*, 579 U.S. at 103–04 ("willful, wanton, . . . deliberate"), *with* Dkt. No. 1 ¶¶ 73, 93, 113. SpectraNet's willfulness claim, therefore, also fails as a matter of law.

## V. CONCLUSION

For the foregoing reasons, the Court should dismiss SpectraNet's claims for willfulness and induced infringement with prejudice.

Dated: September 25, 2026

By: /s/ *Jeremy S. Goldkind*

Jeremy S. Goldkind
**VENABLE LLP**
227 West Monroe Street, Suite 1900
Chicago, IL 60606
312.210.1522
jsgoldkind@Venable.com

Adam P. Samansky (to be admitted *pro hac vice*)
**MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.**
One Financial Center
Boston, MA 02111
617.348.1819
APSamansky@mintz.com

*Attorneys for Defendants Raft Technologies Ltd. and 3DB Communication Inc.*