**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SPECTRANET TECHNOLOGIES LLC,<br><br>Plaintiff,<br><br>v.<br><br>RAFT TECHNOLOGIES LTD AND 3DB COMMUNICATION, INC.,<br><br>Defendants. | Case No. 1:26-cv-05870<br><br>Hon. Andrea R. Wood |

**DECLARATION OF ADAM P. SAMANSKY IN SUPPORT OF DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)**

I, Adam P. Samansky, declare as follows:

I am a member in good standing of the bars of the Commonwealth of Massachusetts and the State of New York, am admitted *pro hac vice* in this action. I am a Member at Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., and am counsel for Defendants Raft Technologies Ltd. and 3DB Communication, Inc. in this action. I respectfully submit this Declaration in support of Defendants' Reply Memorandum in Support of Their Motion to Dismiss Pursuant to Rule 12(b)(6), which is filed contemporaneously herewith.

1. Attached hereto as **Exhibit 1** is a is a true and correct copy of the examiner's Non-Final Rejection from the file history of U.S. Patent No. 12,414,002, dated March 17, 2025 (with highlighting added).

2. Attached hereto as **Exhibit 2** is a is a true and correct copy of the applicant's electronic terminal disclaimer from the file history of U.S. Patent No. 11,516,694, dated March 18, 2021.

I declare under penalty of perjury that the foregoing is true and correct to the best of my present knowledge and belief.

| | |
|---|---|
| Executed: November 6, 2026 | /s/ Adam P. Samansky |
| Boston, Massachusetts | Adam P. Samansky |

# EXHIBIT 1

# UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 17/992,410 | 11/22/2022 | Jeffrey C. Adams | 2060-00105 | 5091 |

159588 7590 03/17/2025

C. Tumey Law Group PLLC
C. Tumey Law
PO Box 890226
Houston, TX 77062-9998

| EXAMINER | |
|---|---|
| SIDDIQUI, KASHIF | |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2415 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 03/17/2025 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

bdempsey@ctumeylawgroup.com
ctumey@ctumeylawgroup.com
docketing@ctumeylawgroup.com

| *Office Action Summary* | Application No. 17/992,410 | Applicant(s) Adams, Jeffrey C. | |
|---|---|---|---|
| | Examiner KASHIF SIDDIQUI | Art Unit 2415 | AIA (FITF) Status No |

***-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --***

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE 3 MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☑ Responsive to communication(s) filed on 21 January 2024.
☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2a)☐ This action is **FINAL.** 2b) ☑ This action is non-final.

3)☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

4)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims***

5) ☑ Claim(s) 21-40 is/are pending in the application.
5a) Of the above claim(s) _____ is/are withdrawn from consideration.

6) ☐ Claim(s) _____ is/are allowed.

7) ☑ Claim(s) 21-27,32-33 and 35-40 is/are rejected.

8) ☑ Claim(s) 28-31 and 34 is/are objected to.

9) ☐ Claim(s) _____ are subject to restriction and/or election requirement

* If any claims have been determined allowable, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to **PPHfeedback@uspto.gov.**

**Application Papers**

10)☐ The specification is objected to by the Examiner.

11)☑ The drawing(s) filed on 22 November 2022 is/are: a)☑ accepted or b)☐ objected to by the Examiner.
Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
**Certified copies:**
a)☐ All b)☐ Some** c)☐ None of the:
1.☐ Certified copies of the priority documents have been received.
2.☐ Certified copies of the priority documents have been received in Application No. _____.
3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☑ Notice of References Cited (PTO-892)

2) ☑ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b)
Paper No(s)/Mail Date ______.

3) ☐ Interview Summary (PTO-413)
Paper No(s)/Mail Date ______.

4) ☐ Other: ______.

### *Notice of Pre-AIA or AIA Status*

The present application is being examined under the pre-AIA first to invent provisions.

## DETAILED ACTION

### *Allowable Subject Matter*

1. Claim(s) 28-31, 34 is/are objected to as being dependent upon a rejected base claim, but would be allowable if rewritten in independent form including all of the limitations of the base claim and any intervening claims.

### *Double Patenting*

2. The nonstatutory double patenting rejection is based on a judicially created doctrine grounded in public policy (a policy reflected in the statute) so as to prevent the unjustified or improper timewise extension of the “right to exclude” granted by a patent and to prevent possible harassment by multiple assignees. A nonstatutory double patenting rejection is appropriate where the conflicting claims are not identical, but at least one examined application claim is not patentably distinct from the reference claim(s) because the examined application claim is either anticipated by, or would have been obvious over, the reference claim(s). See, e.g., *In re Berg*, 140 F.3d 1428, 46 USPQ2d 1226 (Fed. Cir. 1998); *In re Goodman*, 11 F.3d 1046, 29 USPQ2d 2010 (Fed. Cir. 1993); *In re Longi*, 759 F.2d 887, 225 USPQ 645 (Fed. Cir. 1985); *In re Van Ornum*, 686 F.2d 937, 214 USPQ 761 (CCPA 1982); *In re Vogel*, 422 F.2d 438, 164 USPQ 619 (CCPA 1970); *In re Thorington*, 418 F.2d 528, 163 USPQ 644 (CCPA 1969).

A timely filed terminal disclaimer in compliance with 37 CFR 1.321(c) or 1.321(d) may be used to overcome an actual or provisional rejection based on nonstatutory double patenting provided the reference application or patent either is shown to be commonly owned with the examined application, or claims an invention made as a result of activities undertaken within the scope of a joint research agreement. See MPEP § 717.02 for applications subject to examination under the first inventor to file provisions of the AIA as explained in MPEP § 2159. See MPEP § 2146 *et seq.* for applications not subject to examination under the first inventor to file provisions of the AIA. A terminal disclaimer must be signed in compliance with 37 CFR 1.321(b).

The filing of a terminal disclaimer by itself is not a complete reply to a nonstatutory double patenting (NSDP) rejection. A complete reply requires that the terminal disclaimer be accompanied by a reply requesting reconsideration of the prior Office action. Even where the NSDP rejection is provisional the reply must be complete. See MPEP § 804, subsection I.B.1. For a reply to a non-final Office action, see 37 CFR 1.111(a). For a reply to final Office action, see 37 CFR 1.113(c). A request for reconsideration while not provided for in 37 CFR 1.113(c) may be filed after final for consideration. See MPEP §§ 706.07(e) and 714.13.

The USPTO Internet website contains terminal disclaimer forms which may be used. Please visit www.uspto.gov/patent/patents-forms. The actual filing date of the application in which the form is filed determines what form (e.g., PTO/SB/25, PTO/SB/26, PTO/AIA/25, or PTO/AIA/26) should be used. A web-based eTerminal Disclaimer may be filled out completely online using web-screens. An eTerminal Disclaimer that meets all requirements is auto-processed and approved immediately upon submission. For more

information about eTerminal Disclaimers, refer to www.uspto.gov/patents/apply/applying-online/eterminal-disclaimer

3. **Claims 21-27, 32, 33, 35-40 are rejected on the ground of nonstatutory double patenting as being unpatentable over claims 1, 4, 5, 15, 17 of U.S. Patent No. US 9215726 B1.** Although the claims at issue are not identical, they are not patentably distinct from each other because:

a. Claim 21 of the instant application is substantively the same and/or readily derivable from patent claim(s) 1.

b. Claim 22 of the instant application is substantively the same and/or readily derivable from patent claim(s) 5.

c. Claim 23 of the instant application is substantively the same and/or readily derivable from patent claim(s) 1 and 17.

d. Claim 24 of the instant application is substantively the same and/or readily derivable from patent claim(s) 17.

e. Claim 25 of the instant application is substantively the same and/or readily derivable from patent claim(s) 17.

f. Claim 26 of the instant application is substantively the same and/or readily derivable from patent claim(s) 17.

g. Claim 27 of the instant application is substantively the same and/or readily derivable from patent claim(s) 17.

h. Claim 32 of the instant application is substantively the same and/or readily derivable from patent claim(s) 4. The Examiner notes that the instant claim

indicates specific bit lengths for the encoded message. However, the Examiner notes that the bit lengths merely amount to a design choice.

i. Claim 33 of the instant application is substantively the same and/or readily derivable from patent claim(s) 4. The Examiner notes that the instant claim indicates specific bit lengths for the encoded message. However, the Examiner notes that the bit lengths merely amount to a design choice.

j. Claim 35 of the instant application is substantively the same and/or readily derivable from patent claim(s) 15.

k. Claim 36 of the instant application is substantively the same and/or readily derivable from patent claim(s) 15.

l. Claim 37 of the instant application is substantively the same and/or readily derivable from patent claim(s) 1.

m. Claim 38 of the instant application is substantively the same and/or readily derivable from patent claim(s) 1. The Examiner notes that the instant claim differs from the patent claim in that the claim is drafted from the perspective of the receiving device as opposed to the transmitting device. However, it would have been obvious to one or ordinary skill in the art at the time of the filing of the patent to have surmised that a transmitting device would require a corresponding receiving device in order to receive the transmitted encoded message.

n. Claim 39 of the instant application is substantively the same and/or readily derivable from patent claim(s) 5.

o. Claim 40 of the instant application is substantively the same and/or readily derivable from patent claim(s) 4. The Examiner notes that the instant claim

indicates specific bit lengths for the encoded message. However, the Examiner notes that the bit lengths merely amount to a design choice.

4. **Claims 21-23, 32, 33, 35, 36, 38-40 are rejected on the ground of nonstatutory double patenting as being unpatentable over claims 1, 4, 5, 14, 15 of U.S. Patent No. US 9578540 B1.** Although the claims at issue are not identical, they are not patentably distinct from each other because:

a. Claim 21 of the instant application is substantively the same and/or readily derivable from patent claim(s) 1.

b. Claim 22 of the instant application is substantively the same and/or readily derivable from patent claim(s) 5.

c. Claim 23 of the instant application is substantively the same and/or readily derivable from patent claim(s) 1.

d. Claim 32 of the instant application is substantively the same and/or readily derivable from patent claim(s) 4. The Examiner notes that the instant claim indicates specific bit lengths for the encoded message. However, the Examiner notes that the bit lengths merely amount to a design choice.

e. Claim 33 of the instant application is substantively the same and/or readily derivable from patent claim(s) 4. The Examiner notes that the instant claim indicates specific bit lengths for the encoded message. However, the Examiner notes that the bit lengths merely amount to a design choice.

f. Claim 35 of the instant application is substantively the same and/or readily derivable from patent claim(s) 14.

g. Claim 36 of the instant application is substantively the same and/or readily derivable from patent claim(s) 15.

h. Claim 38 of the instant application is substantively the same and/or readily derivable from patent claim(s) 1. The Examiner notes that the instant claim differs from the patent claim in that the claim is drafted from the perspective of the receiving device as opposed to the transmitting device. However, it would have been obvious to one or ordinary skill in the art at the time of the filing of the patent to have surmised that a transmitting device would require a corresponding receiving device in order to receive the transmitted encoded message.

i. Claim 39 of the instant application is substantively the same and/or readily derivable from patent claim(s) 5.

j. Claim 40 of the instant application is substantively the same and/or readily derivable from patent claim(s) 4. The Examiner notes that the instant claim indicates specific bit lengths for the encoded message. However, the Examiner notes that the bit lengths merely amount to a design choice.

5. **Claims 21-27, 32, 33, 35-40 are rejected on the ground of nonstatutory double patenting as being unpatentable over claims 1, 2, 6, 7, 16, 17, 19 of U.S. Patent No. US 10959123 B1.** Although the claims at issue are not identical, they are not patentably distinct from each other because:

a. Claim 21 of the instant application is substantively the same and/or readily derivable from patent claim(s) 1.

b. Claim 22 of the instant application is substantively the same and/or readily derivable from patent claim(s) 7.

c. Claim 23 of the instant application is substantively the same and/or readily derivable from patent claim(s) 19.

d. Claim 24 of the instant application is substantively the same and/or readily derivable from patent claim(s) 19.

e. Claim 25 of the instant application is substantively the same and/or readily derivable from patent claim(s) 19.

f. Claim 26 of the instant application is substantively the same and/or readily derivable from patent claim(s) 19.

g. Claim 27 of the instant application is substantively the same and/or readily derivable from patent claim(s) 19.

h. Claim 32 of the instant application is substantively the same and/or readily derivable from patent claim(s) 6. The Examiner notes that the instant claim indicates specific bit lengths for the encoded message. However, the Examiner notes that the bit lengths merely amount to a design choice.

i. Claim 33 of the instant application is substantively the same and/or readily derivable from patent claim(s) 6. The Examiner notes that the instant claim indicates specific bit lengths for the encoded message. However, the Examiner notes that the bit lengths merely amount to a design choice.

j. Claim 35 of the instant application is substantively the same and/or readily derivable from patent claim(s) 16.

k. Claim 36 of the instant application is substantively the same and/or readily derivable from patent claim(s) 17.

l. Claim 37 of the instant application is substantively the same and/or readily derivable from patent claim(s) 2.

m. Claim 38 of the instant application is substantively the same and/or readily derivable from patent claim(s) 1. The Examiner notes that the instant claim differs from the patent claim in that the claim is drafted from the perspective of the receiving device as opposed to the transmitting device. However, it would have been obvious to one or ordinary skill in the art at the time of the filing of the patent to have surmised that a transmitting device would require a corresponding receiving device in order to receive the transmitted encoded message.

n. Claim 39 of the instant application is substantively the same and/or readily derivable from patent claim(s) 7.

o. Claim 40 of the instant application is substantively the same and/or readily derivable from patent claim(s) 6. The Examiner notes that the instant claim indicates specific bit lengths for the encoded message. However, the Examiner notes that the bit lengths merely amount to a design choice.

2. **Claims 21-27, 32, 33, 35-40 are rejected on the ground of nonstatutory double patenting as being unpatentable over claims 1, 6-11 of U.S. Patent No. US 11516694 B1.** Although the claims at issue are not identical, they are not patentably distinct from each other because:

a. Claim 21 of the instant application is substantively the same and/or readily derivable from patent claim(s) 1.

b. Claim 22 of the instant application is substantively the same and/or readily derivable from patent claim(s) 7.

c. Claim 23 of the instant application is substantively the same and/or readily derivable from patent claim(s) 11.

d. Claim 24 of the instant application is substantively the same and/or readily derivable from patent claim(s) 11.

e. Claim 25 of the instant application is substantively the same and/or readily derivable from patent claim(s) 11.

f. Claim 26 of the instant application is substantively the same and/or readily derivable from patent claim(s) 11.

g. Claim 27 of the instant application is substantively the same and/or readily derivable from patent claim(s) 11.

h. Claim 32 of the instant application is substantively the same and/or readily derivable from patent claim(s) 6. The Examiner notes that the instant claim indicates specific bit lengths for the encoded message. However, the Examiner notes that the bit lengths merely amount to a design choice.

i. Claim 33 of the instant application is substantively the same and/or readily derivable from patent claim(s) 6. The Examiner notes that the instant claim indicates specific bit lengths for the encoded message. However, the Examiner notes that the bit lengths merely amount to a design choice.

j. Claim 35 of the instant application is substantively the same and/or readily derivable from patent claim(s) 8.

k. Claim 36 of the instant application is substantively the same and/or readily derivable from patent claim(s) 9.

l. Claim 37 of the instant application is substantively the same and/or readily derivable from patent claim(s) 10.

m. Claim 38 of the instant application is substantively the same and/or readily derivable from patent claim(s) 1. The Examiner notes that the instant claim differs from the patent claim in that the claim is drafted from the perspective of the receiving device as opposed to the transmitting device. However, it would have been obvious to one or ordinary skill in the art at the time of the filing of the patent to have surmised that a transmitting device would require a corresponding receiving device in order to receive the transmitted encoded message.

n. Claim 39 of the instant application is substantively the same and/or readily derivable from patent claim(s) 7.

o. Claim 40 of the instant application is substantively the same and/or readily derivable from patent claim(s) 6. The Examiner notes that the instant claim indicates specific bit lengths for the encoded message. However, the Examiner notes that the bit lengths merely amount to a design choice.

## *Conclusion*

Any inquiry concerning this communication or earlier communications from the examiner should be directed to KASHIF SIDDIQUI whose telephone number is (571)270-3188. The examiner can normally be reached on M-R 6:00 EST to 16:00 EST.

Examiner interviews are available via telephone, in-person, and video conferencing using a USPTO supplied web-based collaboration tool. To schedule an interview, applicant is encouraged to use the USPTO Automated Interview Request (AIR) at http://www.uspto.gov/interviewpractice.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Jeffrey Rutkowski can be reached on 571-270-1215. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system. Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative or access to the automated information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

/KASHIF SIDDIQUI/
Primary Examiner, Art Unit 2415

# EXHIBIT 2

| | |
|---|---|
| **Doc Code: DIST.E.FILE**<br>**Document Description: Electronic Terminal Disclaimer - Filed** | PTO/SB/26<br>U.S. Patent and Trademark Office<br>Department of Commerce |

| | |
|---|---|
| Electronic Petition Request | **TERMINAL DISCLAIMER TO OBVIATE A DOUBLE PATENTING REJECTION OVER A "PRIOR" PATENT** |
| Application Number | 17205898 |
| Filing Date | 18-Mar-2021 |
| First Named Inventor | Jeffrey Adams |
| Attorney Docket Number | SN01.0001.US04 |
| Title of Invention | LOW LATENCY WIRELESS MESSAGING |

☒ Filing of terminal disclaimer does not obviate requirement for response under 37 CFR 1.111 to outstanding Office Action

☒ This electronic Terminal Disclaimer is not being used for a Joint Research Agreement.

| Owner | Percent Interest |
|---|---|
| SPECTRANET, INC. | 100% |

The owner(s) with percent interest listed above in the instant application hereby disclaims, except as provided below, the terminal part of the statutory term of any patent granted on the instant application which would extend beyond the expiration date of the full statutory term of prior patent number(s)

9215726

9578540

10959123

as the term of said prior patent is presently shortened by any terminal disclaimer. The owner hereby agrees that any patent so granted on the instant application shall be enforceable only for and during such period that it and the prior patent are commonly owned. This agreement runs with any patent granted on the instant application and is binding upon the grantee, its successors or assigns.

In making the above disclaimer, the owner does not disclaim the terminal part of the term of any patent granted on the instant application that would extend to the expiration date of the full statutory term of the prior patent, "as the term of said prior patent is presently shortened by any terminal disclaimer," in the event that said prior patent later:
- expires for failure to pay a maintenance fee;
- is held unenforceable;
- is found invalid by a court of competent jurisdiction;
- is statutorily disclaimed in whole or terminally disclaimed under 37 CFR 1.321;
- has all claims canceled by a reexamination certificate;
- is reissued; or
- is in any manner terminated prior to the expiration of its full statutory term as presently shortened by any terminal disclaimer.

◉ Terminal disclaimer fee under 37 CFR 1.20(d) is included with Electronic Terminal Disclaimer request.

○ I certify, in accordance with 37 CFR 1.4(d)(4), that the terminal disclaimer fee under 37 CFR 1.20(d) required for this terminal disclaimer has already been paid in the above-identified application.

Applicant claims the following fee status:

◉ Small Entity

○ Micro Entity

○ Regular Undiscounted

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of the application or any patent issued thereon.

THIS PORTION MUST BE COMPLETED BY THE SIGNATORY OR SIGNATORIES

I certify, in accordance with 37 CFR 1.4(d)(4) that I am:

◉ An attorney or agent registered to practice before the Patent and Trademark Office who is of record in this application

Registration Number 58413

○ A sole inventor

○ A joint inventor; I certify that I am authorized to sign this submission on behalf of all of the inventors as evidenced by the power of attorney in the application

○ A joint inventor; all of whom are signing this request

| | |
|---|---|
| Signature | /Davin Chin/ |
| Name | Davin Chin |

*Statement under 37 CFR 3.73(b) is required if terminal disclaimer is signed by the assignee (owner).
Form PTO/SB/96 may be used for making this certification. See MPEP § 324.