**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

SPECTRANET TECHNOLOGIES LLC,

Plaintiff,

v.

RAFT TECHNOLOGIES LTD. and 3DB COMMUNICATIONS, INC.,

Defendants.

Case No. 1:26-cv-05870

Hon. Andrea R. Wood

JURY TRIAL DEMANDED

# DEFENDANTS RAFT TECHNOLOGIES LTD. AND 3DB COMMUNICATIONS, INC.'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS SPECTRANET'S WILLFULNESS AND INDUCEMENT CLAIMS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

**TABLE OF CONTENTS**

**Page**


I. INTRODUCTION ........................................................................ 1

II. Argument ........................................................................ 1

A. SpectraNet Cannot Maintain Claims for Willful and Induced Infringement Based Solely on Alleged Knowledge of a Patent Application .............................. 1

B. SpectraNet's Allegations Otherwise Fail to Plausibly Allege Willfulness or Inducement ........................................................................ 2

III. CONCLUSION ........................................................................ 3

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................1

*Colby v. J.C. Penney Co.*,
811 F.2d 1119 (7th Cir.1987)....................3

*Commil USA, LLC v. Cisco Sys.*,
575 U.S. 632 (2015)....................2

*Conopco, Inc. v. May Dep't Stores Co.*,
46 F.3d 1556 (Fed. Cir. 1994)....................2

*Fleet Eng'rs, Inc. v. Mudguard Techs., LLC*,
No. 2022-2001, 2023 WL 5219773 (Fed. Cir. Aug. 15, 2023)....................2

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
579 U.S. 93 (2016)....................3

*Kove IO, Inc. v. Amazon Web Servs., Inc.*,
No. 18 C 8175, 2024 WL 450028 (N.D. Ill. Feb. 6, 2024)....................3

*Ravgen, Inc. v. Quest Diagnostics Inc.*,
No. 2:21-CV-09011-RGK-GJS, 2022 WL 2047613 (C.D. Cal. Jan. 18, 2022)....................2

*RLJCS Enters., Inc. v. Pro. Ben. Tr. Multiple Emp. Welfare Ben. Plan & Tr.*,
487 F.3d 494 (7th Cir. 2007)....................3

*Shenzhen Shokz Co. v. Shenzhen Wenming Tech. Co.*,
No. 24 C 6717, 2025 WL 1530766 (N.D. Ill. May 29, 2025)....................3

*State Indus., Inc. v. A.O. Smith Corp.*,
751 F.2d 1226 (Fed. Cir. 1985)....................2

*United States v. Articles of Drug Consisting of 203 Paper Bags*,
818 F.2d 569 (7th Cir. 1987)....................3

*WinView Inc. v. DraftKings Inc.*,
No. CV 21-13405 (GC) (JTQ), 2025 WL 1908757 (D.N.J. July 11, 2025)....................2

*Wrinkl, Inc. v. Facebook, Inc.*,
No. 20-CV-1345-RGA, 2021 WL 4477022 (D. Del. Sept. 30, 2021)....................3

*ZapFraud, Inc. v. Barracuda Networks, Inc.*,
528 F. Supp. 3d 247 (D. Del. 2021)....................................................................................3

## TABLE OF ABBREVIATIONS

| Abbreviation | Term |
|---|---|
| ’002 patent | U.S. Patent No. 12,414,002 (Dkt. No. 1-3) |
| ’123 patent | U.S. Patent No. 10,959,123 (Dkt. No. 1-1) |
| ’694 patent | U.S. Patent No. 11,516,694 (Dkt. No. 1-2) |
| Asserted Claims | Claims 1–20 of the ’123 patent, Claims 1–20 of the ’694 patent, and Claims 1–20 of the ’002 patent |
| Asserted Patents | U.S. Patent Nos. 10,959,123, 11,516,694, and 12,414,002 |
| Complaint | Complaint for Patent Infringement (Dkt. No. 1) |
| Raft or Defendants | Defendants Raft Technologies Ltd. and 3DB Communications, Inc. |
| SpectraNet or Plaintiff | Plaintiff SpectraNet Technologies LLC |

# I. INTRODUCTION

SpectraNet's argument that awareness of a patent application constitutes knowledge for purposes of pleading willful and induced infringement is plainly wrong on the law. And even if SpectraNet was correct (it is not), its Complaint still wholly fails to allege any facts supporting its claims for post-suit willful and induced infringement. The Court should dismiss those claims.

# II. ARGUMENT

## A. SpectraNet Cannot Maintain Claims for Willful and Induced Infringement Based Solely on Alleged Knowledge of a Patent Application

In its opposition, SpectraNet alleges that Defendants became aware of the Asserted Patents' family through its "own prosecution activities." Dkt. 48 at 3, 4 (citing Dkt. 1 ¶¶ 80, 99, 120). This theory entirely relies on the proposition that knowledge of the parent patent *application* of the Asserted Patents is sufficient to impute knowledge of the Asserted Patents to the Defendants for purposes of pleading willful and induced infringement. Dkt. 48 at 3. This is not the basis of a "reasonable inference of liability" that should become a "discovery issue." *Id.* at 3-4. As a matter of law, an allegation of knowledge of a patent *application* cannot plausibly support the requisite knowledge of a later-issued asserted patent.

The Federal Circuit has made clear that awareness of a patent application alone is insufficient to constitute knowledge for purposes of willful and induced infringement: "To willfully infringe *a patent,* the patent must exist and one must have knowledge of it. . . . Filing an application is no guarantee any patent will issue . . . . What the scope of claims in patents that do issue will be is something totally unforeseeable." *State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985). *See Conopco, Inc. v. May Dep't Stores Co.*, 46 F.3d 1556, 1562 (Fed. Cir. 1994) (holding that activities "undertaken with knowledge that a patent application covering the relaunched lotion formulation was pending . . . [were] insufficient to support a finding of

willfulness"); *Fleet Eng'rs, Inc. v. Mudguard Techs., LLC*, No. 2022-2001, 2023 WL 5219773, at *7 (Fed. Cir. Aug. 15, 2023) (citing *State* and analyzing—despite defendant's knowledge of plaintiff's patent application—whether the evidence "demonstrate[d] [defendant's] knowledge of [plaintiff's] patent issuing"). And like willfulness, pleading induced infringement similarly requires a showing that the defendant had knowledge of the plaintiff's *patent*. *See Commil USA, LLC v. Cisco Sys.*, 575 U.S. 632, 639 (2015) ("liability for inducing infringement attaches only if the defendant knew of the patent and that the induced acts constitute patent infringement." (quotation and citation omitted)).

This line of argument and supporting authorities were front and center in Raft's Motion. *See generally*, Dkt. 38. Yet SpectraNet's Opposition offers no response or rebuttal to the glaring flaws in its allegations of knowledge. It does not even discuss, let alone distinguish, the pertinent Federal Circuit authority cited in Defendant's motion. That silence is telling.

Here, at most, SpectraNet has only alleged that Defendants had knowledge of a patent *application*, not an issued patent. Thus, its claims of willful and induced infringement of the asserted patents fail as a matter of law.

### B. SpectraNet's Allegations Otherwise Fail to Plausibly Allege Willfulness or Inducement

As discussed in Defendants' Motion to Dismiss, SpectraNet's Complaint fails to plausibly allege willful and induced infringement because it merely recites conclusory statements of the elements of without providing any underlying factual allegations. Dkt. 38 at 4. Though SpectraNet disputes this notion in its opposition brief, stating that "[t]he Complaint includes far more than 'threadbare recitals,' pleading detailed facts . . . ," an examination of its "supporting" citations to the Complaint reveal only more conclusory statements of the elements of willful and induced infringement.

For example, the Opposition cites paragraphs 66-81, 86-100 and 105-121 of the Complaint as providing "detailed allegations of infringing conduct, third-party and attributable direct infringement, affirmative inducement through customers, related entities, subsidiaries, intermediaries, and co-defendants, and knowledge and specific intent." Dkt. 48 at 3. But these paragraphs contain only mere conclusory recitations of the legal standard. *See, e.g.*, Dkt. 1 ¶¶ 66-81 ("Defendants, jointly and/or individually, actively induce the other Defendant and/or related entities to infringe the '123 Patent."), 86-100 ("On information and belief, Defendants possess and/or possessed a specific intent to induce infringement, and in fact did and continue to induce infringement."), 105-121 ("Defendants knew or should have known that their actions would cause direct and indirect infringement of the [] Patent."). There are no alleged acts of direct infringement by another. No alleged act or affirmative step to encourage direct infringement. And there is no alleged fact that could plausibly show that Defendants had a culpable state of mind, or in any way knew or intended that their activities would infringe, or intended to cause infringement by another. *Hikma Pharms. USA Inc. v. Amarin Pharma, Inc.*, 608 U.S. 580, 589-592 (2026); *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 103 (2016).

Where, on its face, SpectraNet's Complaint fails to allege any *facts* pertaining to willful or induced infringement and instead contains only "[t]hreadbare recitals of the elements of [those] cause[s] of action," its claims of willful and induced infringement should be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. CONCLUSION

For the foregoing reasons, the Court should dismiss SpectraNet's claims for willfulness and induced infringement.

Dated: November 6, 2026

By: /s/ Adam P. Samansky

Jeremy S. Goldkind
Sophia Gunzburg
**VENABLE LLP**
227 West Monroe Street, Suite 1900
Chicago, IL 60606
312.210.1522
jsgoldkind@Venable.com

Adam P. Samansky (admitted *pro hac vice*)
Peter J. Cuomo (admitted *pro hac vice*)
**MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.**
One Financial Center
Boston, MA 02111
617.348.1819
APSamansky@mintz.com

*Attorneys for Defendants Raft Technologies Ltd. and 3DB Communication Inc.*